**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LENZY JORDAN,

                Plaintiff,

vs.                                             Case No.  3:12-cv-457-J-20JRK

BANK OF AMERICA,

                Defendant.

_____/

## <u>REPORT AND RECOMMENDATION</u>[1]

      This cause is before the Court on the Affidavit of Indigency (Doc. No. 2), filed April 23,

2012, which the Court construes as a Motion to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> ("Motion").  On

that same date, Plaintiff filed a Civil Complaint (Doc. No. 1) which contains five (5) counts

labeled by Plaintiff as follows: malicious exploitation of the elderly (count I); underwriting and

appraisal fraud (count II); complaints for fraudulent inducement and violations of Florida

Deceptive and Unfair Trade Practices Act (FDUTPA) F.S.A. § 501 (count III); malicious intent

and abuse of process (fraudulent filing in the court) (count IV); and 18 U.S.C. § 241 (count

V).

      After reviewing the Motion and the Complaint, the undersigned took the Motion under

advisement and instructed Plaintiff to file an amended complaint by June 26, 2012.  Order

(Doc. No. 9), entered May 25, 2012, at 5-6.  Plaintiff was advised that the Court had serious

---

[1]     Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule
6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after
service of this document.  Failure to file timely objections may bar a party from a <u>de novo</u> determination
by a district judge and from attacking factual allegations on appeal.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); Fed.
R. Civ. P. 72(b).

concerns about whether it had subject matter jurisdiction and whether Plaintiff's Complaint stated a valid cause of action. Id. at 1. Plaintiff was further advised that his original Complaint would no longer be considered and that all allegations he wished the Court to consider should be included in an amended complaint. Id. at 6.

Plaintiff failed to timely file an amended complaint. Therefore, on July 2, 2012, an Order to Show Cause (Doc. No. 10) was entered directing Plaintiff to respond by July 19, 2012. On July 25, 2012, Plaintiff filed a Request for 10 Day Extension (Doc. No. 11). After considering the circumstances, the undersigned found excusable neglect justified the extension, and Plaintiff was given until August 16, 2012 to file an amended complaint. Order (Doc. No. 12), entered July 26, 2012. On August 16, 2012, rather than filing an amended complaint as directed, Plaintiff filed a Response to Show Cause Order (Doc. No. 13; "Response"). Although Plaintiff was warned that his Complaint would no longer be considered, Plaintiff references the Complaint in his Response. Given Plaintiff's pro se status and the undersigned's ultimate recommendation, both documents are analyzed herein.

In count I of the Complaint, Plaintiff cites the Fifth Amendment of the United States Constitution and makes random allegations regarding the appraisal value and tax value of his home, his monthly payments to "Countrywide" and Defendant, and then Plaintiff references a modification and a foreclosure. Compl. at 3. In count II, Plaintiff cites the Federal Truth in Lending Act ("TILA") and alleges "Defendant grossly inflated the value of my home and failed to detect that the mortgage loan they purchased was fraudulent." Id. Although counts III and IV are labeled, those counts only contain the phrase "Text to be added." Id. Count V cites 18 U.S.C. § 241 (a criminal statute) and generally recites the statutory language. See id.

-2-

After the statutory language, Plaintiff writes, "Question for hopeful appointed attorney[]: does 18 U.S.C. § 241 apply to this type of action?" Id. at 3-4.

In the Response, Plaintiff contends that his submissions "prove that the actions and conduct of the Defendant demonstrates a disregard for Individual and Consumer Rights by committing Fraudulent Inducement and TILA violations, . . . constituting a violation of the Florida Deceptive and Unfair Trade Practices Act." Response at 1 (emphasis omitted). He argues that "[t]he TILA Violation is supported by the fact that a few of the . . . disclosure issues were mentioned but were not explained in detail and a number of the significant ones [Principal Payment Provisions] were totally omitted . . . ." Response at 1 (second alteration in original). Plaintiff also makes some representations about "Fraudulent Inducement," "a silent Conspiracy to deprive one of State and Federal Constitutional Rights," "Deliberate Fraud On[ ]The Court, and Willful Exploitation of the Elderly." Id. at 2. Several documents are attached to the Response, including a letter from the Social Security Administration; a document entitled "Schedule I - Current Income of Individual Debtor(s)"; documents purportedly showing the market value of Plaintiff's home; a "Uniform Residential Apprisal Report"; monthly loan statements; and a portion of an affidavit. Given the personal identifiers and sensitive personal information on the attachments, the attachments were not placed on the electronic public docket.[2]

A court receiving an application to proceed in forma pauperis must dismiss the case sua sponte if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

---

[2]   The attachments are on file in the Clerk's Office.

immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  With respect to whether a complaint "fails to state a claim on which relief may be granted," section 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.  Iqbal, 129 S. Ct. at 1949 (quotation omitted).  A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

Before being able to render a decision on the merits of any case, a court must have subject matter jurisdiction.  See generally Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 552 (2005).  Federal courts derive subject matter jurisdiction either through 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity).  See Exxon Mobil Corp., 545 U.S. at 552.  Federal question jurisdiction is invoked when an action "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "[A] suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'"  Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (alteration in original) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).

Diversity jurisdiction requires complete diversity of citizenship between all the parties, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332; Exxon Mobil Corp., 545 U.S. at 552; Moreno v. Breitburn Fla., LLC, No. 2:09-cv-566-FtM-29DNF, 2011 WL 2293124, at *1 (M.D. Fla. June 9, 2011) (unpublished) (citing Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000)).  Plaintiff bears the burden of establishing that diversity jurisdiction exists.  Moreno, 2011 WL 2293124, at *1.  A natural person's citizenship is determined by the person's domicile, which is "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom."  McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).  "'[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'"  Hertz Corp. v. Friend, 130 S. Ct. 1181, 1185 (2010) (quoting 28 U.S.C. § 1332(c)(1)).

A review of the Complaint and the Response, including all attachments, reflects that Plaintiff failed to adhere to the Court's previous admonitions regarding the deficiencies in his Complaint.  Even under the most liberal pleading standard, Plaintiff has not established diversity jurisdiction nor has Plaintiff stated a valid cause of action giving rise to this Court's federal question jurisdiction.  Although Plaintiff cites to some federal laws, his factual allegations amount to "naked assertions," Iqbal, 129 S. Ct. at 1949, and do not "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory," Roe, 253 F.3d at 683-84.

Accordingly, it is

**RECOMMENDED:**

1.      That the Affidavit of Indigency (Doc. No. 2), which the Court construes as a Motion to Proceed In Forma Pauperis, be **DENIED**.

2.      That this case be **DISMISSED without prejudice for lack of subject matter jurisdiction**.

3.      That the Clerk be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on September 28, 2012.


*James R. Klindt*

**JAMES R. KLINDT**
United States Magistrate Judge


jld
Copies to:

Honorable Harvey E. Schlesinger
United States District Judge

Pro se party